## NELSON McCORD v. S. S. MINER ET AL.

**Pleading—Defective Petition—Waiver.**

> Although a petition, assailing a mortgage as fraudulent, is defective, in not averring the non-payment of the debt, this defect is waived, unless raised by demurrer before judgment.

APPEAL FROM FLEMING CIRCUIT COURT.

January 25, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

John W. McCord, by mortgage acknowledged and recorded, September 14, 1868, bearing date, however, March 1, preceding, conveyed his farm to appellant to secure $2,500, as the recited consideration.

Miner having a judgment and return upon execution of no property found for $137 against J. W. McCord and Burchanan, filed

a petition February 15, 1869, assailing said mortgage as made in contemplation of insolvency and with a view to prefer one creditor to the exclusion of others and that by operation of our statute of 1856, it inured to the benefit of all the creditors.

In the style of this suit at the head of the petition only Nelson McCord is set down as defendant, yet, in the body of the petition, John W. McCord is also stated to be a defendant and process was sued out against and executed on him. Nelson McCord answered, but J. W. McCord did not, when August 25, 1869, he filed his own affidavit saying that he will prove that Nelson McCord took possession of the land at the date of the conveyance and that possession was then surrendered and he has ever since controlled it, and that these facts are true, and moved the court to set aside the submission, which was overruled.

Nelson McCord, by his answer filed May 4, 1869, had raised this issue; J. W. McCord had made no issue but the petition as to him stand confessed, or in a condition to be so regarded, and even then he did not prepare by answer to controvert it.

So far as J. W. McCord is concerned he shows no right to introduce proof, nor any right to have the cause delayed. As to Nelson McCord, he made no motion to continue nor showed any cause why he had not taken his proof.

Even if possession, open and notorious, of real estate mortgaged should be deemed sufficient, when the mortgage is neither lodged for record nor recorded, for the limitations of six months to begin running, which we do not even intimate, yet these affirmative allegations of the answer stand denied and there is no evidence in the case sustaining them. It is said the petition is defective in not averring the non-payment of the debt and that a mere return of *nulla bona* is insufficient to establish this. The petition was doubtless faulty, but after the answer of Nelson McCord raising no such issue and when J. W. McCord does not respond the *prima facie* presumption of non-payment raised from such return on execution is sufficient to sustain the judgment, especially as this debt, evidenced by judgment and return upon execution of no property found to make any part of it, was the foundation for assailing the mortgage which it could not have been had the debt been paid; the failure, therefore, to aver its non-payment after setting out the facts is but technical and not substantial, and though cause for demurrer before judgment is not cause for reversal afterwards.

The other claimants presented their claims as authorized by the statute of 1856.

The rejected amended answer of Nelson McCord and the various affidavits are not made part of the record by any signed bill of exceptions, and, if they were, no legal cause is assigned why the things therein set out had not been disclosed in the original answer, as they must have been then known to him.

Wherefore, perceiving no substantial, reversable error, the judgment is affirmed.

*Cord,* for appellant.

*Weis,* for appellees.